

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

February 28, 2017

**BY EMAIL AND ECF**
The Honorable Paul A. Engelmayer
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re:  United States v. William Knox, a/k/a "Mills," S10 15 Cr. 445 (PAE)

Dear Judge Engelmayer:

The Government respectfully writes in advance of the charge conference in this case in connection with the proposed charge for the 924(c) count.

In the October 2016 trial, the Court gave the following instruction as to the "during and relation" component of this offense, without objection from the Government. The Court's jury charge in the October 2016 trial was taken from the Court's jury charge in the trial of *United States* v. *Carlos Urena*, et. al, S5 11 Cr. 1032 (PAE), which involved a charged violation of Title 18, United States Code, Section 924(j):

> [I]n order to prove that the defendant carried a firearm during and in relation to a crime of violence or drug trafficking crime, the government must prove beyond a reasonable doubt that the defendant had the weapon within his control in such a way that it furthered the commission of the crime or was an integral part of the commission of the crime.

October 2016 Trial Tr. at 2414.

Also in the previous instruction, the Court gave the following instruction as to the "in furtherance of" component of the offense:

> [I]n order to prove that the defendant possessed a firearm in furtherance of a crime of violence or drug trafficking crime, the government must prove beyond a

The Honorable Paul A. Engelmayer
February 28, 2017
Page 2

      reasonable doubt that the defendant both possessed the firearm and that such possession was incident to and an essential part of the crime.

October 2016 Trial at 2414-15.

    In this trial, the Government respectfully requests that the Court give the following instruction as to the "during and in relation" element of this offense:

> A firearm is carried "in relation to" a drug trafficking offense if the firearm had some purpose or effect with respect to the drug crime. That requirement is satisfied if the firearm facilitated, or had the potential to facilitate, the drug trafficking offense. On the other hand, this requirement is not satisfied if the carrying of the firearm was entirely unrelated to the drug crime.[1]

This charge directly tracks authority from the U.S. Supreme Court. In *Smith* v. *United States*, 508 U.S. 223 (1993), the Supreme Court concluded that "[t]he phrase 'in relation to' is expansive, as the Courts of Appeals construing § 924(c)(1) have recognized." *Id.* at 238 (citation omitted) (citing cases). The Court further concluded that "[t]he phrase 'in relation to' thus, at a minimum, clarifies that the firearm must have some purpose or effect with respect to the drug trafficking crime; its presence or involvement cannot be the result of accident or coincidence." *Id.* at 238. In order to prove that a firearm was used or carried during and in relation to an underlying crime, the firearm's presence must not be "coincidental or entirely unrelated to the crime." *Id.* (quotation marks omitted). "Instead, the gun at least must facilitate, or have the potential of facilitating, the drug trafficking offense." *Id.* (quotation marks and alterations omitted).

    The Government also respectfully requests that the Court give the following instruction as to the "in furtherance" element of this offense:

> To possess a firearm in furtherance of the crime means that the firearm helped forward, advance or promote the commission of the crime. The mere possession of the firearm at the scene of the crime is not sufficient under this definition. The firearm must have played some part in furthering the crime in order for this element to be satisfied.

This proposed charge is also supported by ample authority. *See* Sand et al., Modern Federal Jury Instructions, Instr. 35-89. This instruction has ample authority as well. *See United States* v.

---

[1] This charge, or a substantially version of this charge, has been given on other occasions in this District, including in *United States* v. *Ramirez*, 13 Cr. 135 (RJS) (S.D.N.Y. 2013) and *United States* v. *Rodriguez*, 15 Cr. 756 (PAC) (S.D.N.Y. 2015).

3.31.08

The Honorable Paul A. Engelmayer
February 28, 2017
Page 3

*Rodriguez*, 15 Cr. 756 (PAC) (S.D.N.Y. 2015); *United States* v. *Ramirez*, 13 Cr. 135 (RJS) (S.D.N.Y. 2013); *United States* v. *Boone*, 02 Cr. 1185 (RPP) (S.D.N.Y. 2003).

    Respectfully submitted,

    PREET BHARARA
    United States Attorneys

By:    /s/
    James McDonald
    Max Nicholas
    Dina McLeod
    (212) 637-2405 / -1565 / -1040

Cc: Lloyd Epstein, Esq. (by ECF)

3.31.08