UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| UNITED STATES OF AMERICA, | |
|---|---|
| -v- | 15 Cr. 445 (PAE) |
| WILLIAM KNOX, | ORDER |
| Defendant. | |

PAUL A. ENGELMAYER, District Judge:

Defendant William Knox is currently serving his sentence, which he is scheduled to complete on October 28, 2020, following conviction at trial on one count of conspiring to participate in the racketeering enterprise known as 18 Park. Mr. Knox is incarcerated at the Metropolitan Correctional Center ("MCC"), where at least one inmate has been infected with COVID-19.

On March 24, 2020, the Court received a letter request from defense counsel, asking the Court, to reduce the risk that Mr. Knox will contract COVID-19 at the MCC: (i) to direct the Bureau of Prisons ("BOP") to issue a decision within the next 10 days as to how Mr. Knox will serve the remaining 7 months of his custodial sentence, pursuant to 18 U.S.C. § 3624(c)(1); (ii) to recommend to BOP that Mr. Knox serve 1 month in a halfway house and the last 6 months of his sentence in home confinement, pursuant to 18 U.S.C. §§ 3624(c) and 3621(b)(4); and (iii) if BOP does not follow such a recommendation within 10 days, to modify Knox's sentence to time served, pursuant to 18 U.S.C. § 3582(c)(1)(A)(I). Dkt. 1071 ("Def. Ltr."). On March 26, 2020, the Court received a letter from the Government opposing these requests, Dkt. 1072 ("Govt. Ltr."), and a reply from defense counsel, Dkt. 1073 ("Def. Reply"). The Government argued that

there is no statutory requirement that BOP determine whether Knox should serve a portion of the final months of his imprisonment outside of prison, that the Court should not make the requested recommendation due to the seriousness of Knox's offense conduct, and that Knox's request for a modification of his sentence to time served is procedurally and substantively defective. Govt. Ltr. at 1–2.

On March 27, 2020, the Court received a "[r]evised [r]equest [for] [j]udicial [r]ecommendation" from defense counsel. Dkt. 1074. The revised request represents that "the CARES Act currently before the House of Representatives includes a provision authorizing the BOP to increase the length of time during which an inmate may serve his sentence in home confinement," and that Attorney General William Barr "issued a directive yesterday authorizing the BOP to increase its use [of] home confinement in response to the COVID-19 pandemic." Dkt. 1074 at 1. Accordingly, defense counsel "urge[d] the Court to issue a recommendation today that Mr. Knox be permitted to serve his sentence in home confinement as soon as the law permits him to do so." Dkt. 1074 at 1.

In strong terms -- which the Court expects BOP to respect and heed – the Court urges BOP forthwith to determine where and how Mr. Knox will serve his last seven months in custody. Although the Government correctly points out that § 3624(c)(1) does not explicitly create a statutory obligation for BOP to make such a determination at a particular point in time, the statute provides a clear directive that BOP "*shall*, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." 18 U.S.C. § 3624(c)(1). This mandatory language, combined with the exigencies of the current public

2

health situation and the clear directive from Attorney General Barr, strongly counsel in favor of BOP's quick determination as to the appropriateness of Mr. Knox's serving the remainder of his sentence outside of prison.

As to the merits of Mr. Knox's request, the Court recommends that Mr. Knox serve 1 month in a halfway house and the last 6 months of his sentence in home confinement, pursuant to 18 U.S.C. §§ 3624(c) and 3621(b)(4), and that he be permitted to serve his sentence in home confinement as soon as any newly passed legislation permits him to do so. The existing law pursuant to which defense counsel makes this request, 18 U.S.C. § 3624(c), focuses primarily on a defendant's successful reintegration into the community. As the Court recognized at Mr. Knox's sentencing hearing, Mr. Knox has made strides toward rehabilitating himself since his trial, *see* Dkt. 1059 (Sentencing Tr.) at 45; Def. Ltr. at 5 (citing Dkt. 1047), and his family has already made arrangement for where he will live when he is released: at an apartment in the Bronx with his mother, Claudia Knox, 52, a Senior Residence Specialist with the Adapt Agency; his step-father, Paul Donker, 62, a kidney dialysis technician at Beth Israel Hospital in Manhattan; and Mfah Sekou, 25, a family friend and a full-time college student at City College. Def. Ltr. at 5.

The Court imposed a substantial (albeit well below-Guidelines) sentence on Mr. Knox, reflecting his serious offense conduct—conspiracy to participate in a violent RICO enterprise. However, at the time of sentencing, the Court did not know, and could not have known, that at least a substantial portion of Mr. Knox's final seven months of imprisonment would be served at a time of a worldwide pandemic, which is directly impacting the facility at which Mr. Knox is incarcerated. Had the Court known that sentencing Mr. Knox to serve the final seven months of his term in a federal prison would have exposed him to a heightened health risk, the Court would

3

have directed that these seven months be served instead, to the maximum extent possible, in home confinement, and otherwise in a halfway house. The law permits the Court to make that recommendation now, and the Court does so.

The Court accordingly grants Mr. Knox's request for a recommendation that BOP allow him to serve the remainder of his sentence with 1 month in a halfway house and 6 months in home confinement. The Court denies, without prejudice to refile in the event of a negative determination by BOP, defense counsel's alternative request for the Court to modify Mr. Knox's sentence to time served.[1]

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

Dated: March 27, 2020
    New York, New York

---

[1] In the event of such an application, the Court would require defense counsel to identify a source of statutory authority for the Court, at this time, to modify Mr. Knox's sentence.