UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-v-

WILLIAM KNOX,

                      Defendant.

15 Cr. 445 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

On April 2, 2020, the Court ordered the Bureau of Prisons ("BOP") to notify the Court of a firm date by which it would resolve the pending application for compassionate release filed by defendant William Knox, and whether the BOP anticipated doing so by Friday, April 10, 2020. Dkt. 1078. The Court's order emphasized the urgency—obvious to all—of a prompt decision, given that Mr. Knox has been identified as being at high-risk with respect to COVID-19 and that the facility in which Mr. Knox is housed, the Metropolitan Detention Center ("MDC"), is a close-quarter municipal jail in which multiple cases of COVID-19 have been identified. *Id.*

On April 6, 2020, the BOP responded, in a declaration from BOP attorney Marisa Nash. Dkt. 1079-1 ("Nash Decl."). Ms. Nash stated that the BOP is unable to commit to resolving Mr. Knox's application by April 10, 2020, on account of the multi-stage internal review process at the BOP and competing demands on the BOP's time. *Id.* at ¶¶ 2–6. Disappointingly, Ms. Nash did not commit to a date by which the BOP will decide upon Mr. Knox's application, or even whether that decision will be made within 30 days of the date (March 23) of that application, *i.e.*, April 22, 2020. Ms. Nash did confirm, however, that Mr. Knox's projected release date is October 28, 2020; and that Mr. Knox will be eligible for home confinement

beginning April 28, 2020. *Id.* ¶ 3. Ms. Nash did not, however, state when the BOP intends to decide whether to permit Mr. Knox to serve the balance of his sentence on home confinement, or that the BOP intends to do so by Mr. Knox's eligibility date.

The Court is dismayed by the BOP's lack of urgent attention to these potentially life-and-death matters. The Court has explicitly stated, based on its superior familiarity with Mr. Knox's offense and the application of the 18 U.S.C. § 3553(a) factors to his circumstances, that he merits compassionate release. Armed with this clear guidance, the BOP—were it giving due priority to the health and safety of an inmate in its care and custody in the face of a raging pandemic that has already cost thousands of lives—should have been able, and should at a minimum have committed in its response to the Court, to expeditiously resolve his application for compassionate release, and, if not, whether it will permit him, on April 28, to commence home confinement. But the Nash declaration, strikingly, says nothing of the sort.[1]

The Court accordingly looks now to the United States Attorney's Office for this District to take the one action that can lawfully be taken to secure Mr. Knox's compassionate release now: to drop its insistence on administrative exhaustion as a barrier to the Court's granting of such relief in this case. The USAO to date in this case has invoked administrative exhaustion as a barrier to the Court's granting compassionate release. *See* Dkt. 1072 at 2. That doctrine, when invoked, prevents a court from granting compassionate release under 18 U.S.C. § 3582(c)(1)(A)

---

[1] The declaration is similarly blasé about other aspects of Mr. Knox's fate. It states that although an (unspecified) permanent correctional institution has been designated for Mr. Knox, the BOP does not plan to transfer him there "in the near future" given the COVID-related restrictions on inmate movement. Nash Decl. ¶ 4. Given that Mr. Knox is eligible for home confinement on April 28 and has only 6.5 months remaining on his sentence, it is not clear whether there are any circumstances under which the BOP would transfer him to such a permanent facility. The declaration is also notably silent as to why Mr. Knox, who was sentenced on October 10, 2019, was not transferred long ago to a permanent facility.

2

until the BOP has rendered a final decision on an inmate's application for compassionate release or until 30 days have passed since the date of that application. The defense urges the Court to treat administrative exhaustion as not a barrier preventing the Court from acting here. Dkt. 1081 at 1. However, notwithstanding the BOP's refusal to commit to deciding Mr. Knox's application by April 22, 2020, the BOP has not declared that it will decide by then. The Court therefore cannot find either factual basis for finding administrative exhaustion—a final decision or the passage of 30 days without one—present. And, for the reasons ably stated recently by Judge Nathan, *see United States v. Gross*, No. 15 Cr. 769 (AJN), 2020 WL 1673244, at *2–3 (S.D.N.Y. Apr. 6, 2020), the Court is skeptical that it can lawfully grant such a petition in the absence of either condition having been met. *See also United States v. Adrienne Roberts*, No. 18 Cr. 528 (JMF), Dkt. 296 at 2–5 (S.D.N.Y. Apr. 8, 2020).

The Court therefore, in strong terms, urges the USAO to relent on its invocation of administrative exhaustion as a barrier to judicial action on the compassionate release application in this case. To its credit, the Office has elected, in some cases prompted by the COVID-19 emergency, not to invoke that doctrine, permitting the Court to order the release of inmate whose compassionate release application had been pending for less than 30 days. *See, e.g.*, *United States v. Tia Jasper*, No. 18 Cr. 390 (PAE), Dkt. 441 at 2 (S.D.N.Y. Apr. 6, 2020). The Court hereby notifies the USAO that, if the BOP has not, by April 22, 2020 granted compassionate release to Mr. Knox, the Court that day (barring unexpected intervening developments) will grant such relief—as 30 days will then have passed—and order Mr. Knox to be released from custody forthwith. Therefore, all that prevents Mr. Knox from being released now, as opposed to having to risk COVID-19 exposure in the MDC during the next two weeks, is the USAO's invocation—to this point—of administrative exhaustion.

The Court accordingly directs that the USAO, if necessary at the highest level of the Office, give urgent thought to whether the seemingly elusive benefits of invoking that doctrine in this case outweigh the potentially catastrophic human consequences of deferring Mr. Knox's release by two weeks. The Court asks the USAO to notify the Court and the defense by noon on Friday, April 10, 2020, whether it continues to invoke administrative exhaustion in this case.

SO ORDERED.

PAUL A. ENGELMAYER
United States District Judge

Dated: April 9, 2020
New York, New York