UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-v-

WILLIAM KNOX,

Defendant.

15-CR-445 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

On April 8, 2020, the Court issued an order stating that it intended, as soon as legally possible, to issue an order granting defendant William Knox's motion for compassionate release. Dkt. 1084. The Court stated that, were the Government to waive the requirement of administrative exhaustion, it would grant the motion forthwith; otherwise the Court would do so on April 22, 2020, when 30 days would have elapsed since Knox's March 23 application to the Bureau of Prisons for such relief. The Court asked the Government to reconsider whether it intended still to invoke administrative exhaustion. *Id*. at 3–4.

By letter this morning, the Government stated that, due to the circumstances of this case—including the Court's stated intention to grant the motion and the factual bases the Court has recited for doing so—it would now waive the requirement of administrative exhaustion in this case. Dkt. 1086. The Court thanks and commends the Government for its reassessment and for this wise decision. It clears the way for the immediate release of an inmate at high-risk who has served the vast majority of his sentence and to whom the COVID-19 virus presents a heightened danger while he is in close custody at the Metropolitan Correctional Center.

Under 18 U.S.C. § 3582(c)(1)(A), "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ["BOP"] to bring a motion on the defendant's behalf," a court may reduce such defendant's sentence if it finds that "extraordinary and compelling circumstances warrant such a reduction," and that "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A); *id.* § 3582(c)(1)(A)(i). The Court must also consider the "factors set forth in section 3553(a) to the extent that they are applicable." *Id.* § 3582(c)(1)(A).

The Court has previously stated, first as guidance to the Bureau of Prisons in its consideration of Knox's application, and later as guidance to the United States Attorney's Office in its consideration of whether to continue to invoke administrative exhaustion, that Mr. Knox's circumstances satisfied these standards and presented a meritorious case for compassionate release. Dkt. 1084 at 2; Dkt. 1075 at 3. The Court incorporates here by reference its bases for finding these conditions met. In brief, the Court notes that Knox, like other high-risk defendants to whom this Court has granted compassionate release, had served the vast majority of his sentence. *See, e.g.*, *United States v. Hernandez*, No. 18 Cr. 834 (PAE), Dkt. 451 (S.D.N.Y. April 2, 2020) (ordering compassionate release of defendant who had served 17 months of a 24-month sentence and was scheduled for release in four months); *United States v. Jasper*, No. 18 Cr. 390 (PAE), Dkt. 441 (S.D.N.Y. April 6, 2020) (ordering compassionate release of defendant who had served all but 34 days of a 4-month sentence); *but see United States v. Denard Butler*, No. 18 Cr. 834 (PAE), Dkt. 461 (S.D.N.Y. Apr. 7, 2020) (denying compassionate release motion for recently sentenced defendant who had served 15 months in prison of 60-month sentence because a reduction of sentence of that extent was incompatible with the § 3553(a) factors); *United States*

*v. Credidio*, No. 19 Cr. 111 (PAE), Dkt. 62 (S.D.N.Y. Mar. 30, 2020) (for similar reasons, denying compassionate release motion by defendant sentenced to 33 months' imprisonment and who had served just two months).

The Court further finds that the modest reduction in Knox's prison term—which was to end on October 28, 2020, with Knox becoming eligible for consideration for transfer to home confinement on April 28, 2020—is consistent with the assembled 18 U.S.C. § 3553(a) factors in light of the changed circumstances presented by the COVID-19 pandemic. In particular, two § 3553(a) factors—the "history and characteristics of the defendant," and "the need . . . to provide the defendant with needed . . . medical care," 18 U.S.C. § 3553(a)—now weigh in favor of Mr. Knox's immediate release, given the health risk that continued incarceration at the MCC presents for him. The Court also finds, for the reasons it stated at Mr. Knox's sentencing, that he has made impressive progress and has demonstrably matured while incarcerated. This progress, coupled with the Government's successful prosecution of 18 Park, the neighborhood gang with which Knox periodically associated and whose leaders and members are almost all in custody, and with the restrictive conditions of supervised release that the Court will impose attendant to the term of home confinement that Mr. Knox will now serve, sufficiently protect the safety of the community.

The Court directs that Mr. Knox be released forthwith and immediately commence the 5-year term of supervised release ordered by the Court.

The Court directs that Mr. Knox spend the period between his release and October 28, 2020—what would have his release date from prison—on home confinement. He is to spend that term of home confinement at his mother's apartment in the Bronx, to which Mr. Knox is to proceed forthwith upon his release. During the period of home confinement, he is to be

permitted to leave the apartment only for medical appointments, visits with counsel, and as otherwise authorized in advance by the Probation Department.[1]

The Court further directs that, in the interests of others' health, Mr. Knox spend the first 14 days of his term of home confinement in self-quarantine at that apartment, and that he not leave the apartment except as authorized in advance by the United States Probation Department on a showing of medical need.

The Court directs that by Tuesday, April 14, 2020, the Government and the defense, in consultation with the Probation Department, supply the Court with a proposed order memorializing the full conditions of home confinement, including conditions as to the means by which the Probation Department will monitor Mr. Knox's whereabouts and compliance.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: April 10, 2020
      New York, New York

---

[1] The conditions of supervised release ordered by the Court required Mr. Knox, following his release, not to "frequent neighborhoods . . . known to be controlled by [the 18 Park] gang, specifically, the Patterson Housing Project in the Bronx," except "as authorized in advance by the Probation Department to facilitate family visits." Dkt. 1056 at 5. The Court has been notified that the residence to which he will be released is, however, in the Patterson Houses. Given present exigencies, the Court permits Mr. Knox to serve his term of home confinement at that address. However, effective October 28, 2020, the Court will enforce that condition of supervised release. Mr. Knox therefore should give attention to finding an alternative place to live after that date.